**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOHN T. WASHINGTON JR., | Case No. 2:19-cv-01486-RFB-DJA |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| LAS VEGAS PARKING INC., ET AL., | |
| Defendants. | |

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

In this case, Plaintiff appears to be attempting to appeal a Nevada state case in which he exhausted his appeal with the Nevada State Supreme Court. *See* ECF No. 1-1 at 20. There is no showing of why this Court has jurisdiction to review a Nevada Supreme Court decision. Further, the complaint does not purport to bring a claim arising under federal law, nor is there any showing that diversity jurisdiction exists in this case. *See* 28 U.S.C. §§ 1331, 1332. The complaint does not establish this Court's subject matter jurisdiction and it is clear that amendment cannot cure that deficiency.

/ / /

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the case be **DISMISSED** as this Court lacks subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **DENIED** as moot.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: December 27, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE